# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Maurice Shelton,
     Petitioner


     vs                          Case No. C-1-01-431
                                     (Beckwith, J.; Sherman, M.J.)


Wanza Jackson,
     Respondent

---

## REPORT AND RECOMMENDATION

---

      Petitioner, an inmate in state custody at the Dayton Correctional Institution in Dayton, Ohio at the time he filed his petition,[1] brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and supporting memoranda (Docs. 1, 5, 10, 12), respondent's return of writ (Doc. 4), and petitioner's traverse, as amended (Docs. 6, 9).

### Procedural and Factual Background

      On July 6, 1998, the Hamilton County, Ohio, grand jury indicted petitioner on two counts of possession of cocaine as defined in Ohio Rev. Code § 2925.11 (A). (Doc. 4, Ex. 2). At trial, four police officers testified that while in their van they

---

[1]On July 28, 2003, petitioner filed a change of address notification with this court advising the court that his address had changed from the Dayton Correctional Institution to what appears to be a private street address. (Doc. 13).

observed petitioner standing on the corner of 31 East Thirteenth Street at 8:30 p.m. on June 26, 1998 along with another man and a women.  (Tr. 138-140, 234-236, 273, 276).[2] They further observed that the woman handed petitioner a bill and petitioner subsequently got into the driver's side of a nearby car.  (Tr. 141-142, 236, 238, 276).  He then handed her something. (Tr. 144, 236-238, 210-213).  Three of the officers observed petitioner sorting through and counting rocks of cocaine in one hand and holding money in his other hand while he was seated in the car. (Tr. 144, 238, 213).  When one officer got out of the van and approached the car, another officer observed petitioner tucking the cocaine under his dash. (Tr. 148-149).  One of the officers removed a rock of cocaine from the female's hand. (Tr. 278).  At the scene, another one of the officers removed a baggie of cocaine from under the dash, and upon a subsequent search of the dashboard, after the car had been transported away from the scene, discovered two other baggies also under the dash, all within three to four inches of each other. (Tr. 279-280, 284-285, 294).  When petitioner was removed from the car, he had $478.00 in his hand and a $20 bill dropped unto the car seat.  (Tr. 240-241, 249). The parties stipulated that the drug involved was crack cocaine and the amount recovered was 6.27 grams. (Tr. 133).  On September 29, 1998, a jury convicted petitioner of one count of possession of more than five grams of cocaine and the court sentenced him to four years of imprisonment.  (Doc. 4, Exs. 5, 6).

On March 9, 1999, petitioner's counsel filed a brief appealing the conviction pursuant to *Anders v. California,* 386 U.S. 738 (1967) with the Ohio Court of Appeals.  (*Id.,* Ex. 10).  Counsel asserted that he could find nothing in the record that would arguably support the appeal, but nevertheless requested that the state appeals court independently review the following issues raised by petitioner:

1.  The Appellant was denied his constitutional right to the effective assistance of counsel because of Counsel's failure to investigate the facts.

2.  The charges were filed against the Appellant in "retaliation" for a civil action filed by Appellant against Officer Kowalski.

3.  The charges were fabricated by the arresting officers in response to the civil action filed by Appellant against Officer Kowalski.

_____

[2]The trial transcript is found at Doc. 4, Ex. 62.

    4.  That defense counsel failed to properly defend Appellant.

    5.  The verdict is against the manifest weight of the evidence.

(*Id.*).  On July 30, 1999, petitioner filed a pro se brief, raising the following assignments of error: 1.  The trial court erred in overruling his motion to suppress;  2. The trial court erred when it failed to instruct the jury on the lesser included offense of attempted possession; 3. The verdict was against the manifest weight of the evidence; and 4. The state committed prosecutorial misconduct. (Doc. 4, Ex. 16).  On August 18, 1999, the Ohio Court of Appeals affirmed the conviction.  (*Id.,* Ex. 12). The Ohio Court of Appeals did not specifically address the issues raised by petitioner in his separate pro se brief.  (Doc. 4 at 5; *see* Doc. 12).

    On March 19, 2001, petitioner filed a pro se notice of Appeal and motion for delayed appeal in the Ohio Supreme Court.  (Doc. 4, Exs. 13, 14).  On May 2, 2001, the Ohio Supreme Court summarily denied petitioner's motion for a delayed appeal. (Doc. 4, Ex. 15).

    On December 30, 1998, petitioner with the assistance of counsel filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21.  (Doc. 4, Ex. 25). In his petition, as amended, petitioner alleged that his trial counsel was ineffective for failing to call two witnesses, for failing to introduce evidence that petitioner did not own the car, that he lived in the area where the transaction occurred and that he had cashed a government check close in amount to the money found on him. (Doc. 4, Exs. 7, 8). Petitioner also averred that he was denied due process of law by the State's failure to produce an allegedly exculpatory report documenting the towing of the car. (*Id.*).  On May 3, 1999, the trial court denied the petition.  (Doc. 4, Ex. 29).  With the assistance of counsel, petitioner appealed the ruling.  (Doc. 4, Ex. 31). The Ohio Court of Appeals initially *sua sponte* dismissed the appeal as untimely, but reconsidered its ruling, allowing the appeal to go forward.  (Doc. 4, Exs. 32, 33, 34). Upon withdrawal of counsel, petitioner prosecuted the appeal pro se, filing a merits brief. (Doc. 4, Exs. 37, 38, 42, 45).  On March 15, 2000, the Ohio Court of Appeals affirmed the judgment of the trial court.  (*Id.,* Ex. 51).  Petitioner filed an application for reconsideration which the Ohio Court of Appeals denied on April 21, 2000.  (*Id.,* Exs. 55, 56, 57).

    On March 6, 2001, petitioner filed a pro se notice of appeal and motion for a delayed appeal in the Ohio Supreme Court.  (*Id.,* Exs. 52, 53).  On April 11, 2001, the Ohio Supreme Court summarily denied petitioner's motion for a delayed appeal.  (*Id.,*

Ex. 54).

On September 5, 2000, petitioner filed in the Ohio Court of Appeals a delayed application for reopening his appeal based on the ineffectiveness of his appellate counsel pursuant to Ohio R. App. P. 26 (B). (Doc. 4, Ex. 17). On February 16, 2001, the Ohio Court of Appeals denied the application as untimely. (*Id.,* Ex. 21). Petitioner alleges that by letter of May 11, 2001, the Clerk's Office of the Ohio Supreme Court refused to file his motion for a delayed appeal because such motions are inapplicable to appeals brought pursuant to Rule 26(B). (Doc. 5 at 6, Ex. D).

On December 14, 2000, petitioner filed a petition for a writ of habeas corpus in this Court. (*Shelton v. Jackson*, Case No. C-1-00-1029, S.D. Ohio, Doc. 1). Because petitioner had not completed his direct appeal in the state court nor his delayed application for reopening his appeal raising ineffective assistance of appellate counsel claims, on April 27, 2001, this Court dismissed the petition for failure to exhaust state court remedies. (*Id.,* Doc. 7). To avoid potential statute of limitations issues pursuant to 28 U.S.C. § 2244(d)(1), the Court tolled the limitations period as of the filing date, conditioned on petitioner's pursuing his state court remedies within thirty days and filing a new petition within thirty days after exhaustion. (*Id.*).

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was stamped "filed" on June 27, 2001 and executed by petitioner on May 30, 2001, raising the following grounds for relief and supporting facts which are quoted verbatim:

> **Ground one:** The trial court violated the Petitioner's Fourth Amendment right.

> **Supporting facts:** The trial court erred when it refused to suppress the evidence seized from the Pontiac Grandam at District One. The search and seizure of the two additional baggies of cocaine allegedly recovered from the vehicle at District One, was illegal and unreasonable as the officer failed to seek a search warrant, the search was not incident to a lawful arrest, the cocaine was not in plain view, no exigent circumstance and the search was not conducted pursuant to a valid inventory search. Because the Petitioner had been arrested after the arresting officers allegedly recovered the cocaine they say they saw the Petitioner place in the vehicle at the scene of the alleged crime and the Petitioner and the

vehicle were taken into police custody, the search and seizure of the two additional baggies allegedly recovered from the vehicle at District One was in violation of Petitioner's Fourth Amendment right. Therefore, the trial court erred in refusing to suppress the two additional baggies of cocaine allegedly recovered from the Petitioner's vehicle at District One, after he had been arrested.

**Ground two:** The trial court violated the Petitioner's Sixth and Fourteenth Amendment rights.

**Supporting facts:** The trial court erred in refusing to conduct an evidentiary hearing on Petitioner's petition. The trial court's errors deprived the Petitioner of his constitutional rights to Due Process and a fair trial under the Sixth and Fourteenth Amendments. But for the trial court's errors the Petitioner may have been found guilty of a lesser degree of possession or the charge against him dismissed.

**Ground three:** The State of Ohio violated the Petitioner's Fifth, Sixth and Fourteenth Amendment Rights.

**Supporting facts:** The State of Ohio violated the Petitioner's right to due process and a fair trial when it failed to tender an exculpatory tow report to defense counsel upon a properly filed request for discovery had been made in a timely manner. But for the State's failure to disclose the tow report the Petitioner may have been found guilty of a lesser degree of possession thereby reducing the penalty or the charge against him dismissed.

**Ground Four**: The trial court violated the Petitioner's Fourteenth Amendment right.

**Supporting facts**: The trial court erred because the findings of facts and conclusions of law contained in the court's final order and entry of May 3, 1999, were based on an unreasonable determination of the underlying facts in light of the evidence presented in the Affidavits and Exhibits accompany [sic] the post-conviction petition and applicable law in violation of the Appellant's due process rights under the Ohio and United States Constitutions. But for the trial court's unreasonable

5

determination the Petitioner may have been found guilty of a lesser degree of possession thereby reducing the penalty received or the charge against him dismissed.

**Ground five:** The trial court violated the Petitioner's Fourteenth Amendment right.

**Supporting facts:** The evidence against the Appellant was legally insufficient to convict the Appellant of "knowingly possessing or using" crack cocaine in an amount exceeding five but less than ten grams. There was little direct evidence connecting the Petitioner to all three baggies of cocaine allegedly recovered from the Pontiac Grandam, specifically, the two additional baggies of cocaine allegedly recovered from the vehicle at District one. There was no evidence that the Petitioner was seen in possession of those two baggies of cocaine, there is no evidence that the Petitioner owned the vehicle nor was there any testimony that the Petitioner had the keys to the ignition or any evidence that he was seen operating the legally parked car at any time or any evidence that a screwdriver was found in the vehicle. Therefore, the evidence was legally insufficient to fou [sic] the Petitioner guilty of possessing crack cocaine in an amount exceeding five grams when the evidence does not show that the Petitioner "Knowingly possessed or used" in an amount exceeding five grams. But for the trial court's error the Petitioner may have been found guilty of a lesser degree of possession thereby reducing the penalty received or the charge against him dismissed.

**Ground six:** The State of Ohio violated the Petitioner's Eighth and Fourteenth Amendment rights.

**Supporting facts:** Appellate Rule 26 (B) is unconstitutional as applied in Ohio because it deprives indigent, incarcerated, uncounseled inmates Due Process and equal protection of the laws.

**Ground seven:** The State of Ohio violated the petitioner's Sixth and fourteenth Amendment rights.

**Supporting facts:** The Petitioner Sixth and Fourteenth Amendment

6

rights to effective assistance of appellate counsel were denied when: [a] Appellate counsel failed to raise and effectively argue seven issues on appeal that would have resulted in the Petitioner's conviction being reversed.  But for appellate counsel failure to raise (1) the denial of petitioner's motion to suppress (2) admission of the evidence (3) chain of custody (4) Effective assistance of trial counsel (5) jury instruction on the lesser included offense (6) sufficiencies of the evidence (7) prosecutorial misconduct the petitioner may have received a new trial or received a less sever [sic] penalty for a lesser degree of possession or the charge against him dismissed and [b] Ohio provides no remedy for vindication of a denial of the Petitioner's right to effective assistance of counsel.

**Ground eight:** The State of Ohio violated the Petitioner's sixth and Fourteenth Amendment rights.

**Supporting facts:** Appellant was deprived of the right to effective assistance of trial counsel in the proceeding as secured by the United States Constitution Amendment Sixth and Fourteen and Ohio Constitution Article I Sec. 10: when trial counsel failed to investigate discover and present the two [sic] report as evidence, failed to present the check cashed by the petitioner prior to his arrest, failed to call two witnesses who were willing to testify on the petitioner behalf; failed to present the title to the car which shows that the car does not belong to the petitioner; failed to present the petitioner lease property in the area.  But for trial counsel's omissions the Petitioner may have been found guilty of a lesser degree of possession thereby reducing the penalty received or the charge against him dismissed.

(Doc. 1).  In his return of writ, petitioner argues that the petition is barred by the statute of limitations, that petitioner's grounds for relief are waived due to procedural defaults in the state court, and alternatively that the claims are either not cognizable or without merit. (Doc. 4).

## OPINION

### I.  The Petition is not Barred by the Statute of Limitations.

Respondent argues that the petitioner's petition is barred from review on statute of limitations grounds pursuant to 28 U.S.C. § 2244(d)(1). Respondent concedes that the first federal habeas corpus petition filed by petitioner was timely, but argues that under *Duncan v. Walker*, 533 U.S. 167 (2001) that habeas corpus action may not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). (Doc. 4 at 17).

When a habeas petition is dismissed on exhaustion grounds and petitioner returns to this Court to present his claims in a subsequent habeas corpus petition after he exhausts his state court remedies, his petition may be barred from review on statute of limitations grounds. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the one-year statute of limitations is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review. In *Duncan v. Walker*, 533 U.S. 167 (2001), the United States Supreme Court held that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" which tolls the limitations period under § 2244(d)(2). A concurring opinion by Justice Stevens joined by Justice Souter specified that the equitable powers of the federal court may still be employed to toll the statute of limitations for "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." 533 U.S. at 184. The justice suggested that the district court either stay the proceedings until petitioner exhausted his state court remedies or deem the limitations period tolled for the first habeas corpus petition. *Id.* at 182-183.

These alternative approaches were noted with approval by the United States Court of Appeals for the Sixth Circuit in *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002). The court explained that Congress could not have desired "the preclusion of a timely filed petition for the writ due to the need to accord state courts the opportunity to adjudicate claims." 276 F.3d at 780. The Sixth Circuit discussed a Second Circuit case, *Zarvela v. Artuz,* 254 F.3d 374 (2nd Cir.), *cert. denied,* 543 U.S. 1015 (2001), which had adopted the stay alternative, imposing a brief, reasonable time limit upon the petitioner to exhaust his claims in the state courts and return to federal court to prevent undue delay. *See id.* The stay may be vacated if the time limits imposed were not satisfied. *Id.* (citing 254 F.3d at 381). Calling the Second Circuit's approach "eminently reasonable," the Sixth Circuit noted that the stay procedure "addresses the equitable concerns raised by Justice Stevens in *Duncan*, preserves the

8

interests in comity embraced by *Lundy*,[3] and prevents the potential abuse of the writ perpetrated by some petitioners." 276 F.3d at 781.

Since the enactment in April 1996 of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) until the end of 2002, the practice of this Court had been to dismiss habeas petitions for failure to exhaust state remedies without prejudice and equitably toll the running of the statute of limitations as of the date the habeas corpus petition was filed.[4] The tolling of the limitations period is expressly conditioned on petitioner's pursuing his state court remedies within thirty days and on petitioner's refiling his renewed petition for habeas corpus relief within thirty days after exhausting his state court remedies. This Court employed this same practice with respect to petitioner's first habeas corpus petition. The Court dismissed petitioner's first habeas corpus petition and tolled the limitations period based on these time restrictions.

This approach preserved the interests of comity without penalizing a petitioner who has failed to exhaust his state court remedies. Because the statute of limitations is tolled, petitioner would not be in danger of having his subsequent habeas petition dismissed as time-barred when he returns to pursue federal relief after exhausting his state remedies. The time restrictions placed on his pursuing his state remedies and returning to the federal courts ensure the prompt exhaustion of state court remedies and the prompt refiling of the federal action.

In *Hargrove v. Brigano,* 300 F.3d 717, 719-720 (6th Cir. 2002), the Sixth Circuit affirmed the district court's decision employing this tolling practice, concluding that it was "reasonable under the circumstances of th[e] case and under the conditions set forth by the district court."

In this case, the district court employed the same conditional tolling provision

---

[3]*Rose v. Lundy*, 455 U.S. 509 (1982), required the dismissal of "mixed" federal habeas corpus petitions, i.e., petitions containing both exhausted and unexhausted claims, so that the federal court would not rule on unexhausted claims.

[4]In 2003, this Court began to administratively stay such cases, instead of dismissing them outright, conditioning the stay on the prompt exhaustion of state court remedies and the prompt return to federal court. This change in procedure was based on the Sixth Circuit's preference for the stay approach. *See Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002).

upheld in *Hargrove* when it dismissed the case on exhaustion grounds. (*See* page 4, *supra*).  Respondent does not contend that petitioner failed to comply with the conditions of the tolling provision.  Accordingly, petitioner's instant petition is timely filed.

## II.  Petitioner's Fourth Amendment Claim, asserted as his first ground for relief, is not cognizable, and alternatively, does not entitle petitioner to habeas corpus relief.

As his first ground for relief, petitioner alleges that the trial court erred in failing to suppress the two additional baggies of crack cocaine discovered under the dashboard of the vehicle petitioner used by a police officer who conducted a search once the car was removed from the crime scene.

The scope of review of alleged Fourth Amendment violations in federal habeas corpus proceedings is extremely narrow.  "[W]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted).  To determine whether a petitioner was afforded a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, a federal habeas corpus court must make two distinct inquiries: (1) whether the State has provided a procedural mechanism through which, in the abstract, petitioner could raise a Fourth Amendment claim; and (2) whether petitioner's presentation of the claim was in fact frustrated because of a failure of that mechanism.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982).  Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio R. Crim P. 12, and a direct appeal as of right from an order denying a motion to suppress pursuant to Ohio R. App. P. 3 and 5.  Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims, in the abstract, presents the opportunity to raise such claims.  *Id.*

Under the second inquiry, petitioner has not pointed to any impediment at the trial court level which frustrated the presentation of his Fourth Amendment claim in the Ohio courts. Indeed, it appears from the record presented that petitioner in fact was afforded an evidentiary hearing of his claim in the trial court. (Doc. 4, Ex. 62, Tr. 6-39).  Petitioner does argue that he raised this claim in his pro se appellate brief and the

Ohio Court of Appeals failed to address the claim. (Doc. 9 at 3). Petitioner filed this pro se brief after his counsel had filed an appellate brief on his behalf, stating that he did not find any appealable errors and nevertheless listing the errors identified by petitioner. (Doc. 4, Ex. 10). Counsel's brief did not contain petitioner's Fourth Amendment claim. The Ohio Court of Appeals did address the errors identified by counsel as those that petitioner raised, but did not specifically address the Fourth Amendment claim which petitioner raised only in his pro se brief. The Court, however, did conduct an independent review of the entire proceedings in the trial court and held that the record was "devoid of error" and that there were "no grounds to support a meritorious appeal." (Doc. 4, Ex. 12 at 2). Accordingly, it does appear that petitioner had a full and fair consideration of his claim in the Ohio Court of Appeals.

The Court concludes that Ohio's procedural mechanism afforded petitioner with an opportunity to fully and fairly litigate his Fourth Amendment claim in the state courts. Therefore, petitioner may not relitigate the claim in this habeas corpus action. See *Powell*, 428 U.S. at 494-95; *see also Nabozny v. Marshall*, 781 F.2d 83, 84 (6th Cir.), *cert. denied*, 476 U.S. 1161 (1986); *cf. Gilbert v. Parke*, 763 F.2d 821, 823-24 (6th Cir. 1985).

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the

11

state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

When a state court does not articulate its reasoning in its decision or fails to address the constitutional issues, the federal court must focus on the result of the state court's decision and conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to or unreasonably applies clearly established Supreme Court law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2001); *Harris,* 212 F.3d at 943 & n.1. *But see Maples v. Stegall,* No. 01-2727, 2003 WL 21960685, at *3 (6th Cir. Aug. 19, 2003) (finding that in *Wiggins v. Smith,* 123 S.Ct. 2527 (2003), Supreme Court reviewed claim not analyzed by state court de novo, without deferring to the state court or applying AEDPA's standard of reasonableness). The review is deferential to the state court's determination, not a "full, de novo review." *Harris,* 212 F.3d at 943. *But see Maples,* 2003 WL 21960685, at *3.

Assuming, *arguendo,* that the Ohio Court of Appeals failure to specifically address petitioner's Fourth Amendment claim is construed as a failure of Ohio's procedural mechanism, and that this Court may therefore consider petitioner's claim, this Court would find that the claim lacks merit and that the decision of the Ohio Court of Appeals affirming the judgment of the trial court on direct appeal was neither

contrary to nor involved an unreasonable application of Supreme Court caselaw and was not unreasonable in light of the record evidence. *Cf. Crump v. LeCureux,* No. 92-1027, 1992 WL 214521, at **3 (6th Cir. Sept. 3, 1992) (where no evidentiary hearing was held by trial court, motion for new trial in which Fourth Amendment claim was raised was denied by form order and appellate courts failed to evaluate Fourth Amendment claim, federal district court not precluded from considering claim on habeas corpus review).

A warrant is not required to search a vehicle when the police have probable cause to believe the car contains evidence of criminal activity. *See, e.g., U.S. v. Ross,* 456 U.S. 798 (1982). Because of the automobile's mobility which creates an exigent circumstance and a reduced expectation of privacy, an exception to the warrant requirement was created for vehicles. *See Pennsylvania v. Labron,* 518 U.S. 938, 940 (1996); *New York v. Class,* 475 U.S. 106, 112-13 (1986). The police may search an automobile after exigent circumstances pass as long as they had probable cause initially to search the vehicle. *See, e.g., Florida v. Meyers,* 466 U.S. 380, 382 (1984) (warrantless search of impounded car upheld when legitimate inventory search conducted previously); *Michigan v. Thomas,* 458 U.S. 259, 261-62 (1982).

In this case, the police had probable cause to search petitioner's car initially at the crime scene because they saw him tuck the bag of cocaine under his dash. Since they had probable cause to conduct this initial search, the subsequent search of the car at the station which uncovered two additional baggies of cocaine, under the dash and within a few inches of the first baggie and each other, was legal. Accordingly, petitioner has not demonstrated that he is entitled to habeas corpus relief with respect to ground one of the petition.

### III.  Petitioner's second and fourth grounds for relief are not cognizable in these proceedings.

As his second ground for relief, petitioner argues that the state trial court denied him an evidentiary hearing on his post-conviction petition in violation of the Due Process Clause. As his fourth ground for relief, petitioner asserts that the state trial court's ruling with respect to his post-conviction petition was based on an unreasonable determination of the facts in light of the evidence presented thereby denying him his right to due process.

The writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Johnson v. Collins,* No. 96-3513, 1998 WL 228029 at *1 (6th Cir. April 27, 1998); *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *Payne v. Bell,* No. 98-2963-D/BRE, 2002 WL 480936, at *1-2, *14 n.3 (W.D. Tenn. March 25, 2002) and cases cited therein. Accordingly, petitioner's second and fourth grounds for relief should be denied on the ground that the claims are not cognizable on federal habeas corpus review.

### IV. Petitioner has waived his third ground for relief by committing a procedural default in the state court.

In his third ground for relief, petitioner contends that he was deprived of due process when the state failed to provide during discovery an allegedly exculpatory report pertaining to the towing of his vehicle.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A habeas corpus petitioner must present both the factual and legal underpinnings of his claim to the state courts for the claim to be deemed "fairly presented." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d

14

811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). "[W]here a constitutional violation has probably resulted in the conviction of one who is actually innocent," the miscarriage of justice standard has been met. *Murray,* 477 U.S. at 496.

In this case, petitioner presented this claim during his post-conviction proceedings. However, petitioner failed to file a timely appeal of the Ohio Court of Appeals decision affirming the trial court's decision denying post-conviction relief. Instead, petitioner filed a motion for a delayed appeal. Pursuant to Ohio Supreme Court Rule of Practice, Rule II, Section 2 (A) 4 (b), the "provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief." Since petitioner did not file a timely appeal and there is no provision for a delayed appeal, petitioner committed a procedural default. Petitioner has waived his claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757 F.2d at 99; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

This Court may not consider petitioner's claims unless he shows cause for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not provided any persuasive justification for his late filing or demonstrated that he is innocent of the offense of which he was convicted.

Accordingly, petitioner has waived the claim for purposes of habeas corpus review.

If this Court were not precluded from considering this claim on the merits, petitioner would not be entitled to habeas corpus relief on the basis of the merits of

15

petitioner's claim.

The Due Process Clause of the Fourteenth Amendment requires the prosecution to disclose evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 87 (1963); *see also United States v. Bagley,* 473 U.S. 667, 674 (1985); *United States v. Presser,* 844 F.2d 1275, 1281 (6th Cir. 1988). The prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial. *Bagley,* 473 U.S. at 675.

The defendant is deprived of a fair trial "only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *Id.* at 678. Evidence is material if there is a reasonable probability that the result of the trial would have been different had the evidence been disclosed to the defense. *Pennsylvania v. Ritchie,* 480 U.S. 39, 57 (1987). This standard for determining materiality focuses on the defendant's guilt or innocence, rather than on the impact of the undisclosed evidence on the defendant's ability to prepare for trial. *United States v. Phillip,* 948 F.2d 241, 249 (6th Cir. 1991), *cert. denied,* 504 U.S. 930 (1992) (citing *United States v. Agurs,* 427 U.S. 97, 112 n.20 (1976)).

Impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley,* 473 U.S. at 676. Impeachment evidence is considered "evidence favorable to the accused" because the jury's assessment of the reliability and truthfulness of a given witness may well be determinative of the defendant's guilt or innocence. *Id.; see also Giglio v. United States,* 405 U.S. 150, 153 (1972).

The Ohio Court of Appeals denied postconviction relief with respect to petitioner's *Brady* claim because it held that had the evidence that was withheld been introduced it would not have altered the outcome of the trial. (Doc. 4, Ex. 51 at 2).

The decision of the Ohio Court of Appeals affirming the ruling of the trial court denying postconviction relief was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Brady* and was not unreasonable in light of the record evidence. Petitioner claimed that the towing report would have shown an inconsistency in Officer Rhone's testimony because he testified that the vehicle was transported to the station where he searched it again and the towing report showed that the car was towed to an impound lot. A close look at the towing report demonstrates that the car was accepted by the impound lot on June 27, 1998, the day

16

after the offense occurred. (Doc. 1, Ex. B). Accordingly, it is not clear whether there actually is an inconsistency between the report and the Officer's testimony. Moreover, as the Ohio Court of Appeals decided, this report would not have affected the outcome of the case. The compelling evidence in the case was that two baggies of cocaine were found in the car by the police. Whether the search was conducted at the impound lot or at the garage of the police station is irrelevant.

Accordingly, petitioner is not entitled to habeas corpus relief with respect to his third ground for relief.

## V. Petitioner has waived his fifth ground for relief by committing a procedural default in the state court, and in any event, his claim lacks merit.

As his fifth ground for relief, petitioner asserts that the evidence was insufficient to convict him of possession of cocaine of more than five but less than ten grams based on the state's recovery of three baggies of cocaine from a car he occupied.

In recognition of the equal obligation of state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982)(per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). If petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S.478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Before reaching the merits of petitioner's claim, this Court must determine

17

whether petitioner fairly presented his claim to the state courts. A habeas corpus petitioner must present both the factual and legal underpinnings of his claim to the state courts for the claim to be deemed "fairly presented." *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This requirement means that the petitioner must present his claim to the state courts as a federal constitutional issue and not merely as an issue arising under state law. *Id.* (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented," even without citation to chapter and verse of the Constitution, if the presentation of the claim was "likely to alert the court to the claim's federal nature." *Nadworny v. Fair,* 872 F.2d 1093, 1097 (1st Cir. 1989) (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2d Cir. 1982) (en banc)).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to apprise the court of the claim's federal nature. *Id.* Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Franklin,* 811 F.2d at 326 (quoting *Daye,* 696 F.2d at 193-94). The use of a "generalized catch-all phrase," which merely alleges the deprivation of a fair trial under the United States Constitution, does not adequately apprise the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Id.* General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2d Cir. 1984).

The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). When petitioner raises an insufficiency of evidence claim in a petition for a writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original). Under this standard, a

conviction may rest on either sufficient direct evidence or sufficient circumstantial evidence of guilt. *See Tiley v. McMackin,* 989 F.2d 222, 225 (6th Cir. 1993); *Spalla v. Foltz,* 788 F.2d 400, 402 (6th Cir.), *cert. denied,* 479 U.S. 935 (1986); *see also Scott v. Elo,* 302 F.3d 598, 602-603 (6th Cir. 2002), *cert. denied,* 123 S.Ct. 1272 (2003). Moreover, this standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Jackson,* 443 U.S. at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the jury which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (per curiam), *cert. denied,* 490 U.S. 1049 (1989).

The Due Process Clause of the Constitution only forbids convictions based on "evidence insufficient to persuade a rational factfinder of guilt beyond a reasonable doubt." *Tibbs v. Florida,* 457 U.S. 31, 45 (1982). As both the United States and Ohio Supreme Courts have recognized, the standard employed when reviewing a claim that a guilty verdict was against the manifest weight of the evidence is both quantitatively and qualitatively different from the standard used when considering a constitutional due process claim based upon the sufficiency of evidence. *See id.* at 44-45*; State v. Thompkins,* 678 N.E.2d 541, 546 (Ohio 1997), *superseded by state constitutional amendment on other grounds in State v. Smith,* 684 N.E.2d 668 (Ohio 1997); *see also State v. Mardis,* 729 N.E.2d 1272, 1274 (Ohio Ct. App. 1999), *motion for delayed appeal denied,* 755 N.E.2d 354 (Ohio 2001). The manifest weight of evidence standard is a broader test than the standard used to evaluate the sufficiency of evidence. *State v. Martin,* 485 N.E.2d 717, 720 (Ohio Ct. App. 1983); *see also State v. Thompson,* 713 N.E.2d 456, 468 (Ohio Ct. App.), *appeal not allowed,* 700 N.E.2d 334 (Ohio 1998); *cf. Tibbs,* 457 U.S. at 41-45. In essence, sufficiency, which implicates due process concerns, tests the adequacy of the evidence in proving the essential elements of the offense charged and presents a question of law, which may not be resolved by the reviewing court through weighing the evidence; in contrast, in determining whether reversal is warranted based on the weight of the evidence, the appellate court sits as a "thirteenth juror" to assess the jury's resolution of conflicting

19

testimony upon review of the entire record, which includes weighing the evidence and all reasonable inferences and considering the credibility of witnesses. *Thompkins,* 678 N.E.2d at 546-47; *see also Tibbs,* 457 U.S. at 41-42; *Martin,* 485 N.E.2d at 720-21. As the Supreme Court explained in *Tibbs,* 457 U.S. at 43, unlike a reversal on the ground of insufficient evidence, a reversal based on the weight of the evidence "does not mean that acquittal was the only proper verdict." Rather, a reversal based on the weight of the evidence "can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict. The reversal simply affords the defendant a second opportunity to seek a favorable judgment." *Id.* at 42-43.

In this case, petitioner failed to fairly present his constitutional claim to the Ohio Court of Appeals. In his briefs to the Court of Appeals, petitioner relied exclusively on the contention that his conviction was against the manifest weight of the evidence. (*See* Doc. 4, Exs. 10, 16). Petitioner failed to mention the United States Constitution or cite to any case employing constitutional analysis. Accordingly petitioner failed to present his due process claim to the Ohio Court of Appeals.

In his motion for a delayed appeal to the Ohio Supreme Court, petitioner failed to specify the nature of any of his claims. (Doc. 4, Ex. 14). Accordingly, petitioner failed to present his due process claim to the Ohio Supreme Court.

Petitioner has waived the claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757 F.2d at 99; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Petitioner committed a procedural default by failing to fairly present this constitutional claim to the Ohio courts and he has waived the claim unless he shows cause for the default and actual prejudice as a result of the alleged error, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not shown cause or prejudice to excuse his procedural default. Moreover, this is not an extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime for which he was convicted. *Murray,* 477 U.S. at 496. Petitioner has, therefore, not

demonstrated that failure to address the claim will result in a fundamental miscarriage of justice.

Accordingly, petitioner's sufficiency of evidence claim, asserted as his fifth ground for relief,  should be dismissed as waived.

Had petitioner properly raised his claim as a constitutional issue in the state courts, this Court would have found that there was sufficient evidence to support his possession of cocaine conviction and that the Ohio Court of Appeals decision on direct appeal affirming the judgment of the trial court was reasonable under the AEDPA standard.  Section 2925.11 (A) provides: "No person shall knowingly obtain, possess, or use a controlled substance." Petitioner was dealing cocaine out of the driver's seat of a car and stashed under the dash a baggie of cocaine, all under the watchful eye of several police officers. Based on this evidence, a juror could reasonably infer that the additional two baggies of cocaine later discovered under that same dash were petitioner's. The three baggies contained 6.27 grams of cocaine. (Tr. 133).  When viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that petitioner was guilty of possession of over five grams of cocaine in violation of Ohio Rev. Code § 2925.11 (A). Accordingly, petitioner would not have been entitled to relief on the merits of his sufficiency of evidence claim.

## VI.  Petitioner has waived his sixth and seventh grounds for relief by committing a procedural default in the state court.

As his sixth ground for relief, petitioner challenges the constitutionality of Ohio App. R. 26 (B).  As his seventh ground for relief, petitioner argues that his appellate counsel provided constitutionally ineffective assistance and that Ohio provides no remedy for that constitutional deprivation.

Petitioner failed to file an appeal to the Ohio Supreme Court from the ruling of the Ohio Court of Appeals denying his delayed application for reopening his appeal pursuant to Ohio App. R. 26 (B) based on the ineffective assistance of his appellate counsel.   Petitioner has waived his claims of ineffective assistance of appellate counsel and his claim challenging the constitutionality of Rule 26 (B) for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct the alleged constitutional errors. *See Leroy,* 757

21

F.2d at 99; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Petitioner asserts that he attempted to file a delayed appeal in the Ohio Supreme Court but that the clerk's office declined to file his motion because delayed appeals of Rule 26 (B) decisions are not permitted. (Doc. 5 at 6, Ex. D). Petitioner has not, on this basis, shown cause for his default because he has failed to provide a legitimate reason for the untimeliness of the appeal. Petitioner has also failed to show prejudice to excuse his procedural default. Moreover, this is not an extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime for which he was convicted. *Murray,* 477 U.S. at 496. Petitioner has, therefore, not demonstrated that failure to address the claim will result in a fundamental miscarriage of justice.

Accordingly, petitioner's claims, asserted as his sixth and seventh grounds for relief, should be dismissed as waived.

## VII.  Petitioner has waived his eighth ground for relief by committing a procedural default in the state court, and in any event, his claim lacks merit.

As his eighth ground for relief, petitioner alleges that his trial counsel was constitutionally ineffective for the following reasons: 1.  he failed to uncover and introduce the towing report; 2. he failed to introduce a check cashed around the time of the crime; 3. he failed to call two eye witnesses who disputed the police's version of the drug transaction; 4.  he failed to introduce the car title demonstrating that the car involved was not petitioner's; and 5. he failed to present evidence that petitioner had leased property in the area of the offense.

Petitioner presented these specific ineffective assistance claims in the post-conviction proceedings. Because he failed to present a timely appeal to the Ohio Supreme Court, he committed a procedural default in the state courts waiving the claims for federal habeas corpus review.[5]    *See* Section IV, *supra.*  Assuming,

---

[5]Petitioner did however, raise two general ineffective assistance of trial counsel claims in his direct appeal to the Ohio Court of Appeals. He argued that counsel failed to investigate the facts and failed to properly defend him. (Doc. 4, Ex. 10). The Ohio Court of Appeals  determined that petitioner had failed to demonstrate that counsel was ineffective. (*Id.,* Ex. 12 at 2). The Court found: "Based on the officers' corroborating testimony at trial and the record before us, we cannot say that Shelton

*arguendo*, petitioner had presented his ineffective assistance of counsel claims in a timely fashion to the Ohio courts, his claims would not entitle him to habeas corpus relief.

To demonstrate that counsel's performance was constitutionally ineffective*,* petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the second "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

---

was prejudiced by his counsel's decisions at trial." (*Id.*). Petitioner's very general claims of ineffective assistance were insufficient to put the Ohio Court of Appeals on notice of the more specific factual claims petitioner raises in his habeas corpus petition (and in his state postconviction petition). *Cf. Lorraine v. Coyle,* 291 F.3d 416, 425 (6th Cir.), *corrected on rehearing,* 307 F.3d 459 (6th Cir. 2002) and *cert. denied,* 123 S. Ct. 1621 (2003).

Petitioner argues that his counsel should have called two witness, Messrs. Drumright and Rand. Although the two witnesses indicated in their affidavits that petitioner did not sell drugs, four police officers witnessed various aspects of the transaction. In any event, one of the witnesses was petitioner's father, who was also arrested at the scene, and whose credibility would therefore be questionable. (Tr. 10, 34, 182). Had counsel called these two witness, the result of the proceeding would have been unchanged.

Petitioner also argues that his attorney erred by not introducing a government check that petitioner had cashed before the offense in a similar amount to the money found on him when he was arrested. (*See* Doc. 4, Ex. 25). Petitioner asserts that the introduction of the check would have countered the state's argument that the money found on him came from the proceeds from drug deals. In closing, defense counsel did attempt to negate the state's contention by arguing that many people carry cash on them and they are not drug dealers. (Tr. 314). Although the check may have diminished the prosecution's argument that petitioner was a drug dealer, a reasonable probability does not exist that it would have altered the outcome of the trial. Petitioner was being tried on a possession charge, and not for selling drugs. Moreover, the officers observed him selling drugs at the scene.

Petitioner faults his attorney for not introducing evidence that he leased property in the area of the crime to demonstrate that he had a legitimate reason for being in the area. The state introduced evidence that petitioner resided in College Hill at an address petitioner provided upon arrest and that he, like other drug dealers, came from outside the area to market drugs. (Tr. 167, 288). Petitioner's counsel, however, did adduce evidence that petitioner had a girlfriend in the area providing petitioner with an alternate reason for being in the area. (Tr. 263). In any event, a reasonable probability does not exist that evidence that petitioner leased property in the area of the crime would have altered the outcome of the trial. The evidence against petitioner was strong. The Officers saw him holding a baggie of cocaine and then hiding it in his car.

Petitioner additionally claims that his lawyer was ineffective for failing to introduce evidence that the car involved was not his, as demonstrated by the title. Instead, counsel chose to argue at closing that the state had failed to show that the car was registered to petitioner, or that he owned the car or had keys to the car. (Tr. 313). The title ties petitioner to the car because it indicates that his brother is the owner and that petitioner was the prior owner. (Doc. 4, Ex. 25). Introduction of the title may

24

have been somewhat damaging to petitioner's defense.  Accordingly, counsel was not deficient in failing to introduce the title.

Petitioner alleges that trial counsel erred in not uncovering and introducing the towing report which indicated that the car petitioner had occupied during the offense was towed to the impound lot and not the police station as one of the officer's had claimed.  As discussed in Section IV, *supra,* the towing report was not necessarily inconsistent with Officer Rhone's testimony and was irrelevant.  Although the towing report indicated that petitioner's car was ultimately towed to the impound lot, the important evidence was that the police found two additional baggies of cocaine after the car was transported away from the scene. The possibility that the car may have been transported to the impound lot as opposed to the police station does not detract from that evidence.  Accordingly, a reasonable probability does not exist that the introduction of the towing report would have altered the outcome of the trial.

The decision of the Ohio Court of Appeals affirming the ruling of the trial court denying post-conviction relief was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Strickland* and was not unreasonable in light of the record evidence.[6]  Since petitioner has not demonstrated that counsel's alleged errors prejudiced the outcome of the case, petitioner has not shown that he is entitled to habeas corpus relief on the basis of his ineffective assistance of trial counsel claims, asserted as the eighth ground in his petition.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to the dismissal on procedural default grounds of the claims for relief alleged in the petition in grounds three, five, six, seven and eight because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85

---

[6]The Ohio Court of Appeals rejected petitioner's claim that counsel was ineffective by failing to call two witnesses, ruling that petitioner failed to show that their testimony would have changed the outcome of the case.  (Doc. 4, Ex.51). The remaining attorney errors were not addressed by the state trial or appellate court.  (*See id.,* Ex. 29).

(2000), which is applicable to procedurally-barred claims.[7]   A certificate of appealability also should not issue with respect to petitioner's claims alleged in grounds one, two and four because for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether theses claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell,* 123 S.Ct. 1029, 1034, 1039-40 (2003) (quoting *Slack,* 529 U.S. at 483-84) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

     3.   With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


 Date: _____                          s/Jack Sherman, Jr._____
 hr                                            Jack Sherman, Jr.
                                               United States Magistrate Judge


P:\JS\LAW CLERK filings\01-431cogwaiver.wpd

---

[7]Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether grounds three, five, six, seven and eight state valid constitutional claims. *See Slack,* 529 U.S. at 484.

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

---

Maurice Shelton,
     Petitioner


     vs                               Case No. C-1-01-431
                                        (Beckwith, J.; Sherman, M.J.)

Wanza Jackson,
     Respondent


## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Jack Sherman, Jr., United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254.  Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas*

*v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).